IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARCUS LOCKHART                                              PLAINTIFF

v.                            No: 3:19-cv-00019 BSM-PSH

K. BOWERS                                                   DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Introduction**

Plaintiff Marcus Lockhart filed this *pro se* civil rights complaint against Jail Administrator K. Bowers in his official capacity while incarcerated at the Craighead County Detention Center ("CCDC"). Doc. No. 1. Lockhart alleges that he suffered injuries

resulting from unsanitary conditions in the CCDC. *Id*. He seeks injunctive[1] and monetary relief. *Id.* Because Lockhart is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"),[2] Lockhart was ordered to amend his complaint to describe why he believed he was currently in danger of imminent serious physical injury at the time he filed the lawsuit. *See* Doc. No. 2. Lockhart subsequently filed an addendum to his complaint in which he alleged that he had preexisting lung damage and that the conditions in the CCDC caused him to have trouble breathing and other medical issues.[3] *See* Doc. No. 4. The Court found that Lockhart's allegations satisfied the imminent danger exception to the three-strikes provision, and caused his complaint to be served on Bowers. *See* Doc. No. 5 at 3.

---

[1] Because Lockhart is no longer incarcerated at the CCDC, his claims for injunctive relief are moot. *See generally Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

[2] The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).

[3] Lockhart also described an incident involving medical treatment he received by Nurse Black in his addendum. Doc. No. 4 at 4-5. The Court did not construe Lockhart's addendum as stating a claim against Nurse Black based on that separate incident. *See* Doc. No. 5 at n. 1. Lockhart subsequently filed a complaint against Nurse Black over that incident, and that complaint has since been dismissed. *See Lockhart v. Black, et al.,* No. 3:19-cv-00037.

Bowers filed a motion for summary judgment, supporting brief, and statement of undisputed facts (Doc. Nos. 13-15), and Lockhart filed a response (Doc. No. 17). Bowers filed a reply (Doc. No. 19). The Court concludes that Bowers is entitled to summary judgment for the reasons described below.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ.

P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Bowers moves for summary judgment on a number of grounds; however, the Court does not reach all of Bowers' arguments because Bowers is correct that some of Lockhart's claims do not describe constitutional violations and Lockhart did not timely exhaust his administrative remedies with respect to his claim that the unclean and moldy conditions at the CCDC caused him significant breathing issues.

A.   *Claims That Do Not Describe Constitutional Violations*

Bowers argues that Lockhart does not describe any constitutional violation. The Court disagrees with respect to Lockhart's allegation that the unclean and moldy conditions at the CCDC caused him significant breathing issues.[4] The Court allowed Lockhart's complaint to proceed based solely on that allegation because it is the allegation that met

---

[4] Bowers may be correct that Lockhart does not adequately plead an official capacity claim. To state a claim for municipal liability in a § 1983 case, a plaintiff must allege that the constitutional violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699–700 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). It is not necessary to determine whether Lockhart stated sufficient facts to support an official capacity claim because he did not exhaust his administrative remedies before he filed this lawsuit, as described herein.

the imminent danger exception to the three-strikes rule (Lockhart alleged no serious physical injury relating to his food service, lice, or cups).

Nevertheless, Bowers is correct that Lockhart fails to state sufficient facts to support his other claims. Specifically, Lockhart's claims regarding how food is served fails to state a constitutional claim; he does not describe how the food servers' failure to wear gloves and hair or facial nets put him at substantial risk of harm or that it has actually harmed him.[5] *See e.g., Bradley v. Aviands Food Servs.*, No. 4:15-CV-264-JCH, 2015 WL 851367, at *3 (E.D. Mo. Feb. 26, 2015) (complaint alleging food service workers did not wear hair nets dismissed as legally frivolous). Likewise, his complaint that he was offered only one cup does not state a constitutional claim. Additionally, Lockhart's allegation that inmates are not appropriately treated for lice at intake fails to state a constitutional claim. He has not alleged he was infected with lice at the jail. Accordingly, those claims should be dismissed for failure to state a claim upon which relief may be granted.

B. *Exhaustion of Administrative Remedies*

Bowers also argues that he is entitled to summary judgment because Lockhart failed to exhaust his administrative remedies before he filed this lawsuit. In support of his motion for summary judgment, Bowers submitted the following exhibits that are relevant to the exhaustion issue: an affidavit by Todd Harrell (Doc. No. 13-1); copies of all the grievances

---

[5] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

filed by Lockhart while he was incarcerated at the CCDC in late 2018 and early 2019 (Doc. No. 13-2); and a copy of the CCDC's grievance policy (Doc. No. 13-4).

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

The CCDC has a grievance process for inmates to raise concerns regarding the conditions of their confinement. Doc. No. 13-4 at 1. The policy provides that "[a] grievance shall be submitted in the form of a written statement by the inmate promptly following the incident on a form specified." *Id.* The policy further provides: "[t]he grievance shall state fully the time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." *Id.* The policy provides that a grievance is initially reviewed by the shift supervisor and that a written response will be provided. *Id.* at 1-2. The grievance procedure does not provide for an appeal. *Id.*

*1.     Lockhart's Complaint*

Lockhart alleged, in relevant part:

> Administrator K. Bowers is operating this facility well below the National industry standards. . . . The cells are not disinfected. Sleeping mats are never disinfected or cleaned. There is mold and mildew growing everywhere. Rust and decay in windows and in shower areas. Paint peeling exposing old lead-based paint. Weather stripping in windows are gone. Absolutely no fresh air circulation from H.V.A.C. units.

Doc. No. 1 at 4. In his addendum, Lockhart elaborated:

> The conditions at this facility are beyond the grievance level. There is an over abundance of mold, and mildew covering the ceilings and walls. No air circulation. Condensation build-up dripping from ceilings. Rust and decay eating through the paint in windows, mirrors, shower stalls, and bars. Toilet and sink fixtures are leaking. Cells have not been disinfected or toilet bowls cleaned since my arrival on December 26th 2018. Windows in cells have no weather-stripping. There is exposed fiberglass insulation within reach of inmates and is constantly being disturbed releasing fiberglass particals into the air. The floors are constantly wet and there is standing water both in inmate cells as well as the common area. . . .
>
> The constant moisture in the air, the abundance of rust and decay, the ever present mold and mildew, the frigid cold air leaking in through windows, the constantly wet floor and airborn fiberglass particals has caused me serious physical injury to my entire respiratory system as well as pain & suffering in my muscle tissue, joints and bones not to mention the long term affects of being forced to live in conditions such as these.
>
> . . .

Doc. No. 4 at 2-3.

*2.     Lockhart's Grievances*

According to Harrell's affidavit, Lockhart submitted 78 grievances while incarcerated at the CCDC from December 26, 2018, to April 4, 2019. Doc. No. 13-1 at 1; Doc. No. 13-2. The vast majority of those grievances did not concern the relevant

complaint allegations.  However, on February 3, 2019, Lockhart submitted a grievance addressed to Bowers in which he complained that the "abundance of rust and decay, Black Mold, Lack of disinfectants and cleaning materials" negatively affected his immune system.  Doc. No. 13-2 at 43.  Lockhart also grieved that he was exposed to fiberglass insulation on February 4, 2019.  *Id.* at 50.  On February 10, 2019, Lockhart grieved the lack of weather stripping on the windows along with black mold, rust, and decay.  *Id.* at 56.

The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed.  *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003).  *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).  Lockhart filed this lawsuit on January 28, 2019.  Doc. No. 1.  The grievances submitted by Lockhart that describe the relevant allegations were submitted in February 2019, after he filed this lawsuit.  Accordingly, Bowers has made a prima facie case that Lockhart failed to exhaust his administrative remedies before he filed this lawsuit.  Lockhart has not produced any other grievances or other evidence in response to Bowers' motion and documentation.  Because Lockhart did not exhaust his administrative remedies with respect to the relevant complaint allegations before filing this lawsuit, Bowers is entitled to summary judgment.

## IV.  Conclusion

Lockhart's claims regarding food service, lice treatment, and cups should be dismissed without prejudice because they do not describe viable constitutional claims.

Furthermore, Lockhart's remaining claims should be dismissed without prejudice because Lockhart failed to exhaust his administrative remedies with respect to those claims before he filed this lawsuit. Bowers' motion for summary judgment (Doc. No. 13) should be granted.

IT IS SO RECOMMENDED this 19th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE